**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Nancy MILLER, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 30, 2000.

Filed March 9, 2001.

Helen A. Stolinas, Public Defender, Towanda, for appellant.

Stephen G. Downs, Assistant District Attorney, Towanda, for Com., appellee.

Before HUDOCK, STEVENS and MUSMANNO, JJ.

MUSMANNO, J.:

¶ 1 Nancy Miller ("Miller") appeals from an Order denying her Petition for parole. We affirm.

¶ 2 The trial court has set forth the pertinent facts of the case as follows:

On March 18, 1999, [Miller] received a sentence in this case requiring her to undergo imprisonment for a period of not less than three months nor more than 23 months, 29 days.[1] On May 27, 1999, this Court granted [Miller] parole from that sentence, but on October 20, 1999, it revoked that parole, directed that [Miller] receive no credit for the time spent on parole, and remanded her to jail on the original sentence imposed. At the time these two orders were entered (the orders granting and then denying parole), this Court, without question, had the authority to enter them because [Miller's] total maximum sentence of imprisonment was less than two years. Thus, at those times, parole authority rested in this Court. *See* [61

---

1. The sentence was imposed after Miller pled guilty to aggravated assault, 18 Pa.C.S.A. § 2702(a)(3).

P.S. § 331.17, the Parole Act].[2] However-er, on January 19, 2000, [Miller] was sentenced by this Court in three other cases. [In] No. 99CR000642, she was sentenced to be imprisoned for not less than one year, nor more than three years. [In] No. 99CR000643, she was sentenced to be imprisoned for not less than one year nor more than three years. [In] No. 99CR000375, she was sentenced to be imprisoned for not less than one month nor more than one year. The Court directed that these sentences were to be served consecutively to each other and consecutively to the sentence imposed in this case for a total aggre-gate sentence of imprisonment [of] not less than two years and four months nor more than eight years, eleven months and twenty-nine days.

Trial Court Opinion, 3/10/99, at 1–2.

¶ 3 On October 28, 2000, Miller filed a Petition for parole in the trial court. The trial court denied the Petition on February 3, 2000, without a hearing, on the basis that it no longer had jurisdiction over Mil-ler's parole because, following the January 19, 2000 sentencing, her maximum aggre-gate sentence exceeded two years. Trial Court Opinion, 3/10/99, at 2. Miller then filed this timely appeal of the trial court's denial of her Petition for parole.

¶ 4 On appeal, Miller raises one issue: whether the trial court may refuse to re-parole a defendant from a county sentence, on jurisdictional grounds, where the trial court has revoked parole and where there has been a subsequent state sentence.

¶ 5 The authority to parole con-victed offenders is divided between the courts of common pleas and the Pennsyl-vania Board of Probation and Parole.

*Commonwealth v. Harris,* 423 Pa.Super. 190, 620 A.2d 1175 (1993). "When an of-fender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains authority to grant and revoke parole; when the maxi-mum term is two years or more, authority to grant parole is vested in the Parole Board." *Id.* at 1178.

¶ 6 In this case, the trial court held that 61 P.S. § 331.17 and relevant case law require "that consecutive sentences [be] automatically aggregated, even if imposed by different judges, even if imposed by different courts, and even if imposed at different times, and that, where the total aggregate sentence carries a maximum of two years or more, exclusive parole au-thority lies with the Pennsylvania Board of Probation and Parole." *See* Trial Court Opinion, 3/10/00, at 4; *Commonwealth v. Tilghman,* 543 Pa. 578, 673 A.2d 898 (1996); *Harris,* 620 A.2d at 1178. The above statement of the law by the trial court is accurate. In the present case, Miller's total aggregate sentence included a maximum sentence of more than two years. Therefore, the trial court correctly denied Miller's Petition for parole.

¶ 7 Order affirmed.

---

2. Section 331.17 provides that the Board of Probation and Parole has exclusive power "to parole and reparole," except where a defen-dant has been sentenced to a maximum peri-od of less than two years.