Anthony WILLIAMS, Petitioner

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 4, 2012.

Decided May 24, 2012.

Anthony Williams, pro se.

Maria G. Macus–Bryan, Assistant Counsel, Mechanicsburg, for respondent.

BEFORE: PELLEGRINI, President Judge and BROBSON, Judge and COLINS, Senior Judge.

OPINION BY President Judge PELLEGRINI.

Anthony Williams (Williams) has filed a *pro se* Application for Summary Relief requesting this Court to order the Department of Corrections (Department) to properly compute his sentence and give him credit for all time served. The Department has filed a Cross–Application for Summary Relief. For the reasons that follow, Williams' Application is granted

and the Department's Application is denied.

Williams is currently an inmate incarcerated at the State Correctional Institution at Mercer (SCI Mercer). On April 28, 2009, at case number CR790–2009, he pled guilty to driving under the influence before the Lehigh County Court of Common Pleas (trial court) and was sentenced to serve 90 days to two years imprisonment in a county facility.[1] According to a "tracking card" from the Lehigh County Prison (LCP) dated September 17, 2010, Williams was credited with serving the following time: October 14, 2008, through June 29, 2009 (237 days) and October 31, 2009, through September 9, 2010 (313 days) for a total of 550 days from previous commitments. For his guilty plea at CR790–2009, Williams' maximum release date was October 14, 2010. The trial court granted his release and paroled him on June 8, 2009.

On September 9, 2010, at case number CR3970–2004, Williams had two charges against him: the first was making terroristic threats and the second was simple assault. His minimum release date was August 30, 2007, and his maximum release date was August 17, 2009. According to his LCP "ledger card" dated September 9, 2010, his sentence was "balance" and showed two release dates: "05–Sept–2010" and "08–Sep–2010." It also showed a credit of 309 days. Under the remarks were the words "released maxed-court."

On October 31, 2009, Williams was arrested and had two charges filed against him: one for driving under the influence

and another for fleeing from police. At case number CR4647–2009, he received a sentence of "3 months 60 days to 6 months 60 days" for both charges followed by 30 months probation. (Williams' Application for Summary Relief, Exhibit C at 3.) His minimum release date was April 1, 2010, and his maximum release date was July 1, 2010. According to Williams' LCP "ledger card" dated August 24, 2010, the remarks stated "released maxed-court." It showed a credit of 241 days.

Apparently, while out on parole, Williams violated the terms of his parole relative to case number CR790–2009 because on September 9, 2010, the trial court issued an order which stated that upon consideration of the petition of the Commonwealth for his parole violation, and after hearing held on that same date at which Williams conceded that he violated the conditions of his parole, his parole was revoked and he was to serve the balance of his sentence in a State Correctional Institution. The order further stated that credit was to be given to him "for all time spent in custody as a result of these criminal charges for which sentence is being imposed. This sentence shall run consecutive to the sentence imposed in Lehigh County case numbers CR–3970–2004; CR–4647–2009." (Exhibit A of Williams' Petition for Review.) Upon Williams' incarceration at SCI Mercer, the Department recalculated his maximum release date as February 14, 2013.

■ Williams filed a *pro se* petition for review with this Court in our original ju-

1. Williams was previously incarcerated in 2004 at Case number CR3970–2004 for making terroristic threats for which he received three years of probation. After probation was revoked three times and his sentence was time served, his maximum release date was September 4, 2010. In March 2007, at case number CR1110–2007, Williams was charged with driving under the influence and sentenced to 90 days house arrest followed by one year probation. His probation was revoked and he was sentenced to six months to one year with a maximum release date of October 17, 2009. He was paroled on May 28, 2009, with a balance of 142 days to serve.

risdiction alleging that the Department incorrectly calculated his maximum release date as of February 14, 2013, rather than March 8, 2011. He explained that prior to being ordered to serve the balance of his sentence, he had served a total of 550 days, and although the trial court's order stated that he was to serve the balance of his sentence for case number CR790–2009 consecutive to the sentences in case numbers CR3970–2004 and CR4647–2009, that statement was "mere surplusage because the unrelated sentences expired/maxed out on September 5, 2010 and June 29, 2010, respectively." (Williams' Petition for Review at 2.) He claims that with credit for the time served of 550 days applied from case number CR790–2009, the balance of his two-year maximum sentence would be no more than 180 days and, therefore, his maximum expiration date of his sentence should have been March 8, 2011. Williams claims that he has no other adequate remedy at law, and an action for mandamus remains the only viable remedy to get the Department to properly compute his sentence imposed at case number CR790–2009 and to pay the costs of these proceedings, if any.

In response to Williams' petition for review, the Department filed an answer and new matter in which it denied the material allegations and alleged the following under new matter:

15. In accordance with the DC–16E attached hereto As Exhibit "A," Petitioner's sentence structure is:

a. August 24, 2010: CP4647, Count 3: 3 months—6 months. CP4647: 60 days consecutive to Count 3.

b. September 8, 2010: CP3970, Counts 1 and 2: 18 days to 2 years less 1 day. These are both county backtime sentences that run concurrent to each other and concurrent to any other sentence. Credit on this sentence is 9/14/2004 and 11/27/2006 to 12/13/2006. The credit was applied to the minimum date and the maximum date. Also, Petitioner received credit for 10/31/2009 to 6/28/2010, but this was applied to the maximum only because the minimum was expired.

c. September 9, 2010: CP790, Count 1: 90 days to 2 years. This is a county backtime sentence running consecutive to any other sentence that Petitioner was serving, which would be aggregated to the CP4647 sentence, with a separate computation aggregating this sentence to CP3970. The credit that was applied to this sentence was 10/14/2008 to 6/8/2009, as well as 6/29/2009 to 9/9/2010, the latter only being applied to the maximum only because the minimum had expired.

16. Respondent's actions in computing the sentence as they did are justified.

■■■ Williams then filed a *pro se* application for summary relief which is now before this Court requesting us to order the Department to properly compute his sentence in accordance with *McCray v. Pennsylvania Department of Corrections,* 582 Pa. 440, 872 A.2d 1127 (2007), which holds that the Department of Corrections has a duty to credit all inmates for all statutorily-mandated periods of incarceration.[2] Williams explains that the Lehigh County Clerk of Judicial Records (Clerk)

---

2. An application for summary relief may be granted if a party's right to judgment is clear and no material issues of fact are in dispute. *Sanders v. Pennsylvania Board of Probation and Parole,* 651 A.2d 663 (Pa.Cmwlth.1994). Essentially, Williams is requesting relief in mandamus which will be granted to compel the performance of a ministerial act where the plaintiff establishes a clear legal right to relief and a corresponding duty to act by the defendant. *Waters v. Department of Corrections,* 97 Pa.Cmwlth. 283, 509 A.2d 430 (1986).

prepared an official credit time calculation for his sentence imposed at case number CR790–2009 which was sent to SCI Mercer's Records Department. In that record, the Clerk determined that Williams was entitled to 237 days (October 14, 2008 to June 8, 2009) and 313 days (October 31, 2009 to September 9, 2010) for time served, and the maximum expiration date was October 14, 2010. However, he alleges, and the Department agrees in its new matter, that while Williams was entitled to credit for the 237 days served from October 14, 2008 to June 8, 2009, it only allowed for 72 days of time served from June 29, 2010 to September 9, 2010, because it only applied the latter to the maximum release date as the minimum had expired. Williams argues that under 42 Pa.C.S. § 9760(1), a defendant is entitled to credit on any sentence "for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed," and the Department has no power to change sentences or to add or delete sentencing conditions, including credit for time served because that power is vested in the sentencing court.

The Department has filed a cross-application for summary relief arguing that there are no material facts in dispute, and it is entitled to judgment as a matter of law. It relies on its previous calculations in its new matter and contends that the methodology provided in *Commonwealth v. Miller*, 770 A.2d 362 (Pa.Super.2001), is that which it used in determining the maximum release date for Williams. "The minimum of the new sentence is added to the minimum of the original sentence for which backtime was imposed. The maximum of the new sentence is added to the maximum of the original sentence for which backtime was imposed. The individual is then given credit for all periods during which he or she was incarcerated on the original and new sentence to determine the effective date, minimum sentence date and maximum sentence date of the new aggregated sentence." (Department's brief in opposition to Williams' application for summary relief and in support of Department's application for summary relief at 8.)

We agree with the Department that the methodology subscribed to in *Miller* is traditionally used, *i.e.*, "that consecutive sentences [be] automatically aggregated, even if imposed by different judges, even if imposed by different courts, and even if imposed at different times, and that, where the total aggregate sentence carries a maximum of two years or more, exclusive parole authority lies with the Pennsylvania Board of Probation and Parole." *Miller*, 770 A.2d at 363. However, that is not the issue here. What is at issue is whether the Department was correct in the way it calculated Williams' time served under sentences for CR3970–2004 and CR 790–2009. In each of those calculations, the Department did not utilize the entire amount of Williams' time served but instead only used a portion of the time and only applied it to the maximum release date as evidenced by the method laid out in its new matter:

(b) September 8, 2010: CP3970, Counts 1 and 2: 18 days to 2 years less 1 day. These are both county backtime sentences that run concurrent to each other and concurrent to any other sentence. Credit on this sentence is 9/14/2004 and 11/27/2006 to 12/13/2006. The credit was applied to the minimum date and the maximum date. **Also, Petitioner received credit for 10/31/2009 to 6/28/2010, but this was applied to the maximum only because the minimum was expired.**

(c) September 9, 2010: CP790, Count 1: 90 days to 2 years. This is a county backtime sentence running consecutive

to any other sentence that Petitioner was serving, which would be aggregated to the CP4647 sentence, with a separate computation aggregating this sentence to CP3970. **The credit that was applied to this sentence was 10/14/2008 to 6/8/2009, as well as 6/29/2009 to 9/9/2010, the latter only being applied to the maximum only because the minimum had expired.** (Bold added.) The Department states that it only applied partial credit for time Williams served to the maximum release date in both cases because the minimum date had expired. However, in the case of CR3970–2004, both the minimum and the maximum release dates had expired. The maximum release date was August 17, 2009. The question is whether the Department should have then credited Williams for all of his time served on the CR790–2009 sentence or whether it properly determined that only a part of the time served could be credited to the CR3970–2004 sentence.

42 Pa.C.S. § 9760(1) provides the following:

> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

This section specifically requires that all time spent in custody must be credited against a prisoner's maximum release date. In this case, the Department failed to do so because it improperly determined that the CR3970–2004 sentence still had an open maximum release date when that date was no longer viable. Because it made that mistake, it then failed to credit the total amount of all time Williams spent in custody which ultimately resulted in an incorrect maximum release date.

Accordingly, Williams' application for summary relief is granted and the Department is ordered to credit his maximum term for all time he has spent in custody. The Department's cross-application for summary relief is denied.

### ORDER

AND NOW, this 24th day of May, 2012, the Application for Summary Relief filed by Anthony Williams is granted. The Department is ordered to credit his maximum term for all time he has spent in custody. The Department of Corrections' Cross–Application for Summary Relief is denied.