J-S32018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EARL FRANCIS DEMBY | |
| Appellant | No. 2385 EDA 2015 |

Appeal from the Judgment of Sentence July 9, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003388-2012

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EARL FRANCIS DEMBY | |
| Appellant | No. 2386 EDA 2015 |

Appeal from the Judgment of Sentence July 9, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006511-2014

BEFORE: BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED JULY 20, 2016**

Appellant, Earl Francis Demby, appeals from the July 9, 2015 aggregate judgment of sentence of two and a half to five years' incarceration plus restitution of $1,200.00, imposed following Appellant's revocation from

_____

[*] Retired Senior Judge assigned to the Superior Court.

prior intermediate punishment and parole sentences.  After careful review,

we vacate the judgment of sentence and remand for further proceedings.

> On August 8, 2012, [at CP-23-CR-0003388-2012, Appellant] pled guilty to Retail Theft (Count 1) and Criminal Conspiracy to Commit Retail Theft (Count 2)[1] and was sentenced to a term of incarceration of 6 to 23 months and two years' consecutive probation on Count 1 and one year consecutive probation on Count 2.  When released, he was ordered to follow all rules and regulations of the Veterans Court Program.  He failed to abide by those rules, so over the next few years [the trial court] entered various sanction orders, culminating in an order of April 16, 2015 requiring that [Appellant] use a Soberlink device for 90 days, attend group meetings and adhere to a treatment plan.

> On December 18, 2014, [at CP-23-CR-0006511-2014, Appellant] pled guilty to Unauthorized Use of a Motor Vehicle (Count 1)[2] and Retail Theft (Count 2) and was sentenced to 18 months' probation on Count 1 and 18 months' probation on Count 2, concurrent to Count 1.  [The trial court] then entered various sanction orders, culminating in the same April 16, 2015 order requiring that [Appellant] use a Soberlink device, attend meetings, etc.

> On June 23, 2015, the Lower Merion police department arrested [Appellant] and charged him with Retail Theft and Receiving Stolen Property.  On July 6, 2015, the Upper Merion police department arrested [Appellant] and charged him with Retail Theft and Receiving Stolen Property.

---

[1] 18 Pa.C.S.A. §§ 3929(a)(1), and 903(c), respectively,

[2] 18 Pa.C.S.A. § 3928(a).

On July 8, 2015, the Adult Probation and Parole Services Department issued a Termination Hearing Report in which it recommended that [Appellant] be found in violation of parole, be terminated from the Veterans' Court Program, and be resentenced. …

On July 9, 2015, [the trial court] conducted a termination hearing. … His counsel stipulated to the violations ….

In addition, the Assistant District Attorney advised the [trial court] that [Appellant] had absconded with the Soberlink device. She asked that any sentence include restitution. [Appellant] asserted that the County had retrieved it. During a short recess, the Soberlink provider advised that the device - valued at $1,200 - had not been returned. In response to [Appellant's] insistence to the contrary, [the trial court] gave him 30 days to supply supporting evidence that the device was returned. [The trial court] then sentenced [Appellant] to [an aggregate term of incarceration of two and a half to five years[3]] and further ordered restitution to the County of Delaware in the amount of $1,200…. The sentencing sheet indicates that [Appellant] is not [Recidivism Risk Reduction Incentive (RRRI)[4]] eligible.

On July 20, 2015, defense counsel filed a motion for reconsideration of sentence in which he

_____

[3] Specifically, at CP-23-CR-0003388-2012, the trial court sentenced Appellant for count one to back time of 311 days' incarceration, and for count two, a concurrent term of two and one half to five years' incarceration. At CP-23-CR-0006511-2014, the trial court sentenced Appellant for count one, one to two years' incarceration, and for count two, a concurrent term of two and one half to five years' incarceration. The sentences at CP-23-CR-0006511-2014 were made concurrent to the sentences at CP-23-CR-0003388-2012. N.T., 7/9/15, at 39-40.

[4] 61 Pa.C.S.A. §§ 4501-4512.

- 3 -

argued that [the trial court] erred by: (a) denying [Appellant] RRRI eligibility, (b) incorrectly crediting the back time, and (c) imposing an inappropriately harsh sentence. … He also argued that the two subsequent arrests were for nonviolent crimes, so [Appellant] was RRRI eligible.

On August 6, 2015, defense counsel filed a Notice of Appeal [for each case] to the Superior Court.[5]

On August 25, 2015, [the trial court] signed an amended sentencing order in which it included the following: "Not RRRI Eligible, Restitution to be paid first."[6]

Trial Court Opinion, 11/12/15, at 1-3 (citations omitted).[7]

On appeal, Appellant raises the following issues for our review.

---

[5] We consolidated Appellant's appeals, *sua sponte*, on August 25, 2015. **See generally** Pa.R.A.P. 513.

[6] Although the "amended sentencing order" is listed in the trial court docket for CP-23-CR-0006511-2014, the order itself is not contained in the certified record. We conclude the trial court was without jurisdiction on August 25, 2015 to amend the sentencing order. A trial court loses jurisdiction to modify a sentencing order after 30 days or upon the filing of a notice of appeal. 42 Pa.C.S.A. § 5505. An exception for the correction of patent errors has been recognized. **See Commonwealth v. Klein**, 781 A.2d 1133, 1135 (Pa. 2001). However, "[t]his exception to the general rule of Section 5505 cannot expand to swallow the rule. … [W]e note that it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power. Not all illegal sentences will be amenable to correction as patent errors." **Commonwealth v. Holmes**, 933 A.2d 57, 66-67 (Pa. 2007). Instantly, we do not consider the trial court's August 25, 2015 "amended sentencing order" to be a correction of a patent error. We therefore conclude the August 25, 2015 order is void and of no legal effect. **See Id.**

[7] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[1.] Whether the restitution order is illegal because the County of Delaware, the putative beneficiary of $1,200.00 restitution for the loss of a taxpayer funded DUI enforcement device, is not a victim pursuant to the Crime Victims Act?

[2.] Whether the Trial Court, which reversed itself and now agrees [Appellant] is RRRI eligible, erred when it docketed an "amended sentencing order" to add "Not RRRI eligible, restitution to be paid first," on 2386 EDA 2015, 6511-2014?

Appellant's Brief at 5.

In each of Appellant's issues, he raises a challenge to the legality of his sentence. "[Q]uestions implicating the trial court's power to impose restitution concern the legality of the sentence." *Commonwealth v. Hall*, 80 A.3d 1204, 1211 (Pa. 2013). Additionally, "[i]t is legal error to fail to impose a RRRI minimum on an eligible offender. Separate from legal error, … it is an illegal sentence to fail to impose a RRRI minimum…." *Commonwealth v. Tobin*, 89 A.3d 663, 670 (Pa. Super. 2014).

A challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction. … An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law[; as a result, o]ur standard of review over such questions is *de novo* and our scope of review is plenary.

*Commonwealth v. Gentry*, 101 A.3d 813, 816-817 (Pa. Super. 2014) (internal quotation marks and citations omitted).

In his first issue, Appellant claims the trial court erred in awarding restitution to the Commonwealth contrary to statutory authorization. Appellant's Brief at 13.

> Restitution is a creature of statute and, without express legislative direction, a court is powerless to direct a defendant to make restitution as part of his sentence. Where that statutory authority exists, however, the imposition of restitution is vested within the sound discretion of the sentencing judge.
>
> In the context of a criminal case, restitution may be imposed either as a direct sentence, 18 Pa.C.S.A. § 1106(a), or as a condition of probation under 42 Pa.C.S.A. § 9754…. When imposed as a sentence, the injury to property or person for which restitution is ordered must directly result from the crime.

*Commonwealth v. Kinnan*, 71 A.3d 983, 986 (Pa. Super. 2013) (citations and footnote omitted).

As related above, Appellant was previously subject to probationary and intermediate punishment sentences, requiring him to use a Soberlink device. *See* Trial Court Opinion, 11/12/15, at 1. Prior to Appellant's resentencing, the Commonwealth requested the trial court to order Appellant to pay restitution because the Soberlink device had not been returned by Appellant. N.T., 7/9/15, at 33, 35. The trial court imposed a sentence, including a directive to Appellant to pay $1,200.00 in restitution to Delaware County. *Id.* at 40.

Appellant argues that the restitution award is illegal, because Delaware County is not a victim of Appellant's underlying crimes. Appellant's Brief at

13-14, *citing* 18 P.S. § 11.103 (defining "victim" for the purposes of the Crime Victim Act).  The awarding of restitution as part of a sentence is authorized by statute as follows.

> **§ 1106. Restitution for injuries to person or property**
>
> **(a) General rule.--**Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased **as a direct result of the crime**, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S.A. § 1106(a) (emphasis added).

Instantly, the loss of the Soberlink device was not "a direct result" of any of the crimes for which Appellant sentenced.  Accordingly, we conclude the trial court's restitution award was not authorized by statue and is illegal.[8]  *See Kinnan*, *supra*.[9]

_____

[8] The Commonwealth acknowledges that Delaware County is not a victim of Appellant's crimes, but argues that the value of the Soberlink device is recoverable from Appellant as costs, and that we should affirm the restitution award on that basis.  Commonwealth's Brief at 4; *see also* 42 Pa.C.S.A. § 9728.  "Restitution compensates the victim for his loss and rehabilitates the defendant by impressing upon him that his criminal conduct caused the victim's loss and he is responsible to repair that loss.  Costs are a reimbursement to the government for the expenses associated with the criminal prosecution." *Commonwealth v. Rivera*, 95 A.3d 913, 916 (Pa. Super. 2014), *quoting Commonwealth v. Wall*, 867 A.2d 578, 583 (Pa. Super. 2005) (citations omitted).

[9] The learned dissent illustrates that the sentencing court had legal bases for requiring Appellant to reimburse the County for the loss of the Soberlink
*(Footnote Continued Next Page)*

Appellant next claims the trial court erred in determining he was not eligible for an RRRI minimum sentence and that his sentence is therefore illegal. Appellant's Brief at 10. The trial court now concedes that Appellant's prior record and current offenses do not render him ineligible for an RRRI minimum sentence. Our review of the record reveals no disqualifying convictions or any past or present violent behavior. *See generally* 61 Pa.C.S.A. § 4503. Consequently, we agree that the trial court erred in failing to impose a RRRI minimum sentence and thereby entered an illegal sentence.[10] *See Tobin*, *supra*.

_____

*(Footnote Continued)*

device other than as restitution under Section 1106. Concurring and Dissenting Memorandum at 3-4, *citing* 42 Pa.C.S.A. § 9754. The Dissent concedes that the Section 1106 basis relied on by the sentencing court resulted in an illegal sentence. It nevertheless takes the position that we may affirm the sentencing court on the basis of Section 9754. We disagree. Section 1106 directs the sentencing court that a defendant "**shall** be sentenced to make restitution" in appropriate cases. 18 Pa.C.S.A. § 1106(a) (emphasis added). Section 9754 provides that a sentencing court "**may** as a condition of its order require," such rehabilitative conditions. 42 Pa.C.S.A. § 9754(c) (emphasis added). In this case the sentencing court erroneously relied on Section 1106, which it deemed it was compelled to do. The sentencing court did not exercise the discretion required of a decision to impose conditions under Section 9754. It is not for this Court to exercise or presume that discretion in the first instance. We would agree that there is nothing in our disposition of this issue preventing the sentencing court from revisiting the question of reimbursement on a proper basis on remand.

[10] To the extent the trial court and the Commonwealth urge us to affirm the trial court's attempt to make Appellant's reimbursement of the value of the Soberlink device a precondition to his eligibility for a RRRI minimum sentence, we caution that on remand the trial court may not add preconditions to Appellant's RRRI eligibility or release. *See generally* Trial Court Opinion, 11/12/15, at 4; Commonwealth's Brief at 3.

*(Footnote Continued Next Page)*

Based on the foregoing, we conclude the sentence imposed by the trial court is illegal based on its erroneous conclusion that Appellant was not RRRI

*(Footnote Continued)* ————————————

We note that for RRRI sentences, the Parole Board is the paroling authority.

> Although the court imposes an RRRI Act minimum sentence, the offender is not guaranteed a right to be granted parole upon the expiration of that term. Instead, **the Parole Board** is tasked with issuing a decision to parole an offender upon completion of the RRRI Act minimum sentence only if the Parole Board independently determines that the offender has successfully completed the required recidivism risk reduction incentive or other similar program, as well as several other requirements (*e.g.,* it does not reasonably appear that defendant presents risk to public safety).

***Commonwealth v. Hansley***, 47 A.3d 1180, 1188 (Pa. 2012) (citations omitted, emphasis added).  We have explained the respective paroling authority between trial courts and the Parole Board as follows.

> The authority to parole convicted offenders is divided between the courts of common pleas and the Pennsylvania Board of Probation and Parole.  When an offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains authority to grant and revoke parole; when the maximum term is two years or more, authority to grant parole is vested in the Parole Board.

***Commonwealth v. Miller***, 770 A.2d 362, 363 (Pa. Super. 2001) (internal quotation marks and citations omitted); ***see also*** 61 Pa.C.S.A. § 6132 (defining the powers of the Parole Board).  Furthermore, a trial court's statements respecting its position relative to any prerequisites to granting of parole, where the Parole Board is the paroling authority, shall be considered recommendations only.  ***See*** 61 Pa.C.S.A. § 6134(b) (providing, in part, "[n]o order in respect to the recommendation made or attempted to be made as a part of a sentence shall be binding upon the board in performing the duties and functions conferred on it by this chapter").

eligible and failing to include a RRRI minimum sentence. Having also determined that the trial court's restitution award was illegal, we vacate the July 9, 2015 sentence in its entirety and remand for resentencing in accordance with this memorandum. *See Gentry*, *supra*.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Platt joins the memorandum.

Judge Bowes files a concurring and dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2016