# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott David Johnson,         :
                            :
           Petitioner     :
                            :
           v.                :    No. 409 M.D. 2017
                            :    Submitted: June 29, 2018
Pennsylvania Department of    :
Corrections,                 :
                            :
           Respondent   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ROBERT SIMPSON, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**               **FILED: August 13, 2018**

        This matter is a *pro se* mandamus petition for review filed in our original jurisdiction by Scott David Johnson (Petitioner), an inmate currently incarcerated at the State Correctional Institution-Forest. Petitioner seeks an order compelling the Pennsylvania Department of Corrections (DOC) to re-compute his sentence. Petitioner and DOC have filed cross-applications for summary relief. For the reasons set forth below, we grant DOC's application for summary relief and dismiss the petition for review.

        Rule 1532(b) of the Rules of Appellate Procedure provides that "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction

matter the court may on application enter judgment if the right of the applicant thereto is clear." Pa. R.A.P. 1532(b). Summary relief may be granted if there are no genuine disputes of material fact and the movant's right to judgment in its favor is clear as a matter of law. *Hospital & Healthsystem Association of Pennsylvania v. Commonwealth*, 77 A.3d 587, 602 (Pa. 2013); *PPL Electric Utilities Corp. v. City of Lancaster*, 125 A.3d 837, 853 (Pa. Cmwlth. 2015) (*en banc*); *Williams v. Pennsylvania Department of Corrections*, 47 A.3d 162, 164 n.2 (Pa. Cmwlth. 2012).

The facts here are undisputed. Petitioner was convicted in the Court of Common Pleas of Berks County (trial court) of the crimes of rape, involuntary deviate sexual intercourse, burglary, robbery under 18 Pa. C.S. § 3701(a)(1)(i), (ii) (robbery with serious bodily injury and threat of serious bodily injury), robbery under 18 Pa. C.S. § 3701(a)(1)(iii) (robbery in commission of a first or second degree felony), possession of an offensive weapon, and terroristic threats. (Petition for Review ¶1 & Ex. A; DOC Answer and New Matter ¶7 & Ex. A; Petitioner's Answer to New Matter ¶7.) On November 4, 1987, the trial court sentenced Petitioner to terms of imprisonment of 5 to 15 years for each of the rape, involuntary deviate sexual intercourse, burglary, and robbery convictions and 1 to 5 years each for the possession of an offensive weapon and terroristic threats convictions. (DOC Answer and New Matter ¶7 & Ex. A; Petitioner's Answer to New Matter ¶7.) The trial court ordered that these sentences were to run as follows: the 5-to-15-year Count 1 rape and Count 2 involuntary deviate sexual intercourse sentences were concurrent; the 5-to-15-year Count 4 burglary sentence was consecutive to both the Counts 1 and 2 rape and involuntary deviate sexual intercourse sentences; the two 5-to-15-year Counts 5 and 6 robbery sentences were consecutive to the burglary sentence but concurrent with respect to each other; and the Count 9 offensive weapon and Count

2

terroristic threats sentences were consecutive to the burglary sentence but concurrent with respect to the robbery counts and to each other. (DOC Answer and New Matter ¶7 & Ex. A; Petitioner's Answer to New Matter ¶7.) On January 25, 1988, the trial court vacated the rape and Section 3701(a)(1)(iii) robbery sentences on the ground that those offenses were merged into the involuntary deviate sexual intercourse charge and the Section 3701(a)(1)(i), (ii) robbery charge. (DOC Answer and New Matter ¶9 & Ex. B; Petitioner's Answer to New Matter ¶9.)

DOC calculated Petitioner's aggregate sentence on these convictions as 15 to 45 years with a maximum sentence date of June 25, 2031. (Petition for Review Ex. A; DOC Answer and New Matter ¶¶11, 13 & Ex. C; Petitioner's Answer to New Matter ¶13.) Petitioner in this action contends that the trial court's vacating of the rape and Section 3701(a)(1)(iii) robbery sentences reduced his aggregate sentence and maximum sentence date and seeks an order compelling DOC to reduce its computation of his sentence. DOC contends that its computation of Petitioner's sentence and maximum sentence date are correct.

Mandamus is an extraordinary remedy used to compel the performance of a ministerial act or mandatory duty. *McCray v. Pennsylvania Department of Corrections*, 872 A.2d 1127, 1131 (Pa. 2005); *Comrie v. PA Department of Corrections*, 142 A.3d 995, 1000 (Pa. Cmwlth. 2016); *Allen v. Department of Corrections*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014). It is well established that mandamus is available only where the plaintiff or petitioner has a clear legal right to the relief requested, the defendant or respondent has a corresponding duty to perform the requested act, and there is no other appropriate and adequate remedy. *McCray*, 872 A.2d at 1131; *Comrie*, 142 A.3d at 1000; *Allen*, 103 A.3d at 370. Mandamus

may be used only to enforce established legal rights, not to determine whether such rights exist. *Comrie*, 142 A.3d at 1001; *Allen*, 103 A.3d at 369.

DOC has a duty to faithfully implement sentences imposed by the courts. *McCray*, 872 A.2d at 1133; *Comrie*, 142 A.3d at 1001; *Allen*, 103 A.3d at 372. Mandamus is therefore an appropriate remedy to correct an error in DOC's computation of maximum and minimum dates of confinement where the computation does not comply with the sentencing order. *Comrie*, 142 A.3d at 1001; *Allen*, 103 A.3d at 370, 372; *Commonwealth ex rel. Powell v. Pennsylvania Department of Corrections*, 14 A.3d 912, 915 (Pa. Cmwlth. 2011). To determine whether DOC's sentence computation is correct, this Court looks to the language of the sentencing order. *Comrie*, 142 A.3d at 1001; *Allen*, 103 A.3d at 371; *Powell*, 14 A.3d at 915-16. "The critical inquiry is to determine what the sentencing court actually intended. The text of the sentencing order is determinative of the court's intentions and the sentence imposed." *Comrie*, 142 A.3d at 1001 (citation omitted).

The undisputed facts here establish that there is no error in DOC's computation of Petitioner's sentence. The sentencing order clearly and expressly provides that the burglary sentence is consecutive to the involuntary deviate sexual intercourse sentence and that the Section 3701(a)(1)(i), (ii) robbery sentence is consecutive to the burglary sentence. (DOC Answer and New Matter Ex. A.) Because the sentences are consecutive, DOC is required to aggregate these three 5-to-15-year sentences and its calculation of Petitioner's aggregate sentence as 15 to 45 years is therefore correct. *Forbes v. Pennsylvania Department of Corrections*, 931 A.2d 88, 92 (Pa. Cmwlth. 2007), *aff'd per curiam*, 946 A.2d 103 (Pa. 2008); *Gillespie v. Department of Corrections*, 527 A.2d 1061, 1065-66 (Pa. Cmwlth. 1987). Petitioner does not contend that he served any portion of this aggregate

sentence earlier than the June 25, 1986 date used in DOC's sentence status summary, and does not dispute that the maximum sentence date based on an aggregate 15-to-45-year sentence is June 25, 2031. Indeed, it is clear from the sentencing order that Petitioner's maximum sentence date is correct. Petitioner was sentenced on November 4, 1987 and the sentencing order provides that he was entitled to 497 days' credit for time served. (DOC Answer and New Matter Ex. A.) Subtraction of 497 days from Petitioner's 45-year maximum sentence yields a maximum sentence of 43 years and 233 days remaining to be served at the time of his sentencing. Adding that period to the November 4, 1987 date of Petitioner's sentencing results in the June 25, 2031 maximum date calculated by DOC.

Contrary to Petitioner's contentions, the trial court's vacating of the rape and Section 3701(a)(1)(iii) robbery sentences has no effect on his aggregate 15-to-45-year sentence or maximum sentence date. The trial court's order did not vacate Petitioner's involuntary deviate sexual intercourse sentence or Section 3701(a)(1)(i), (ii) robbery sentence. Where a sentence is vacated on merger grounds, the conviction for the other offense on which merger is based remains fully valid and the sentence for that other offense is not automatically vacated. 42 Pa. C.S. § 9765; *Commonwealth v. Lomax*, 8 A.3d 1264, 1268-69 (Pa. Super. 2010); *Commonwealth v. Thur*, 906 A.2d 552, 569-70 (Pa. Super. 2006). The trial court's order vacated only sentences that were concurrent to sentences that were not vacated and did not alter the consecutive running of Petitioner's three remaining 5-to-15-year sentences. The vacated rape sentence was the same length and concurrent to the involuntary deviate sexual intercourse sentence and the Section 3701(a)(1)(iii) robbery sentence was the same length and concurrent to the Section 3701(a)(1)(i), (ii) robbery sentence. The two vacated sentences therefore had not lengthened

5

Petitioner's aggregate sentence. *See Commonwealth v. Jacobs*, 39 A.3d 977, 983 n.6 (Pa. 2012) (plurality opinion) (where defendant's sentences were concurrent, ruling that only one sentence could be imposed "would not change his aggregate sentence"); *Commonwealth v. Kelly*, 78 A.3d 1136, 1146 (Pa. Super. 2013) (where same sentence was imposed for merged offense, "concurrent nature of the sentences herein renders any *vacatur* academic"). Moreover, the sentencing order provided that the Count 4 burglary sentence was consecutive to the Count 2 involuntary deviate sexual intercourse sentence, which was not vacated, and that the Count 5 Section 3701(a)(1)(i), (ii) robbery sentence, which was not vacated, was consecutive to the Count 4 burglary sentence. (DOC Answer and New Matter Ex. A) (stating that burglary sentence is "consecutive to [Court No.] 624/86 Ct. 1+2" and that Section 3701(a)(1)(i), (ii) robbery sentence is "consecutive to [Court No.] 624/86 Ct. 4").

Because the undisputed facts show that DOC correctly calculated Petitioner's sentence, Petitioner cannot show a clear legal right to relief and therefore as a matter of law cannot satisfy the requirements for mandamus. Accordingly, we grant DOC's application for summary relief, deny Petitioner's application for summary relief, and dismiss the petition for review.

_____
JAMES GARDNER COLINS, Senior Judge

6

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott David Johnson,       :
                                  :
             Petitioner        :
                                  :
             v.                 :    No. 409 M.D. 2017
                                  :
Pennsylvania Department of   :
Corrections,                 :
                                  :
            Respondent    :

## **O R D E R**

AND NOW, this 13th day of August, 2018, it is hereby ORDERED that the application for summary relief filed by Respondent Pennsylvania Department of Corrections is GRANTED, the application for summary relief filed by Petitioner Scott David Johnson is DENIED, and the Petition for Review is DISMISSED.

_____
JAMES GARDNER COLINS, Senior Judge