**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| KEITH ROSARIO | : | |
| Appellant | : | No. 1271 WDA 2020 |

Appeal from the Judgment of Sentence Entered August 14, 2020
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000223-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| KEITH ROSARIO | : | |
| Appellant | : | No. 1272 WDA 2020 |

Appeal from the Judgment of Sentence Entered August 14, 2020
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001543-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| KEITH ROSARIO | : | |
| Appellant | : | No. 1273 WDA 2020 |

Appeal from the Judgment of Sentence Entered August 14, 2020
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001262-2013

BEFORE: OLSON, J., NICHOLS, J., and MUSMANNO, J.

J-A18027-21

MEMORANDUM BY NICHOLS, J.:          **FILED: SEPTEMBER 10, 2021**

Appellant Keith Rosario appeals from the judgments of sentence imposed for his violation of parole and probation (VOP). Appellant challenges the discretionary aspects of his sentence. We conclude that the VOP court imposed illegal sentences, vacate the judgment of sentence, and remand with instructions.

A previous panel of this Court summarized the facts and procedural history of this case as follows:

> Appellant's underlying convictions arose from three separate criminal informations . . . . At docket number CP-63-CR-0001262-2013 [(1262-2013)], Appellant was charged with selling 1.7 grams of crack cocaine to a confidential informant on June 1, 2011. At docket number CP-63-CR-0000223-2015 [(223-2015)], Appellant was charged with selling 6.7 grams of marijuana to a confidential informant on March 15, 2011. At docket number CP-63-CR-0001543-2013 [(1543-2013)], Appellant was charged with possessing a .38 special revolver without a license on May 23, 2013.
>
> On May 4, 2015, Appellant entered a global guilty plea at all three criminal docket numbers, pleading guilty to two counts of delivery of a controlled substance [(PWID)] and one count of firearms not to be carried without a license [(VUFA)].[fn1] The same day, the trial court sentenced Appellant at docket number [1543-2013] to 2½ to 5 years of imprisonment, at docket number [1262-2013] to 5 years of probation consecutive to his term of imprisonment at docket number [1543-2013], and at docket number [223-2015] to 1 year of probation, concurrent to his probation sentence at docket number [1262-2013]. [The trial court's written sentencing order, docketed on May 14, 2015, did not include a finding as to whether Appellant was eligible for the Recidivism Risk Reduction Incentive[1] (RRRI) program.]

_____

[1] 61 Pa.C.S. §§ 4501-4512.

- 2 -

[fn1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 6106(a).

Appellant was subsequently paroled; however, while on parole, he was charged with attempted homicide, aggravated assault, kidnapping and firearms charges at docket number CP-63-CR-0002611-2017 [(2611-2017)]. As a result, the Commonwealth alleged that Appellant violated the terms of his parole and probation.[fn2] Appellant appeared before the [VOP] court on May 7, 2018 for a *Gagnon II*[fn3] hearing. At the conclusion of the hearing, the [VOP] court found Appellant to be in violation of his supervision and revoked both his parole and probation. [On February 7, 2019, a jury found Appellant guilty of attempted homicide, two counts of aggravated assault, two counts of kidnapping, and criminal conspiracy at docket number 2611-2017.] On February 21, 2019, the [VOP] court resentenced Appellant to the balance of his 2½ to 5 year term of imprisonment originally imposed at docket number [1543-2013], 5 to 10 years of imprisonment at docket number [1262-2013], and 5 years of probation at docket number [223-2015], to be served consecutive to one another. [Furthermore, the VOP court did not make a determination as to Appellant's eligibility for the RRRI program.]

[fn2] While Appellant was on parole from his incarceration at docket number [1543-2013] when the Commonwealth filed its petition for revocation, and [Appellant] had not yet begun serving his probationary sentences at the other two dockets, the "fact that [A]ppellant had not commenced serving probation when the new offense occurred did not prevent the court from revoking its prior order placing [A]ppellant on probation." *Commonwealth v. Ware*, 737[] A.2d 251, 253 (Pa. Super. 1999) ("If, at any time before the defendant has completed the maximum period of probation, **or before he has begun service of his probation**, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation . . . the court [can] revoke or change the order of probation.") (emphasis in original).

[fn3] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

*Commonwealth v. Rosario*, 798 WDA 2019, 799 WDA 2019, 800 WDA 2019, 2020 WL 1889121, at \*1 (Pa. Super. filed Apr. 6, 2020) (unpublished mem.) (record citations and some footnotes omitted) (formatting altered).

Appellant subsequently appealed his sentence, and this Court reversed, concluding that the VOP court did not give "adequate consideration to the sentencing factors delineated in Section 9721(b)" and "failed to impose an individualized sentence 'consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.'" *Id.* at \*4 (quoting 42 Pa.C.S. § 9721(b)). This Court also concluded the VOP court erred by resentencing Appellant without the aid of a pre-sentence investigation (PSI) report and without conducting a pre-sentence inquiry of the particular circumstances of the offense. *Id.* at \*4-6. Additionally, we stated that the VOP court imposed an illegal sentence because it did not determine if Appellant was eligible for RRRI minimum sentence. *Id.* at \*7. This Court remanded this case to the VOP court for resentencing. *Id.*

On remand, the VOP considered the PSI prepared for Appellant's new case at docket number 2611-2017, certificates from classes Appellant took while incarcerated, and prison misconduct reports. N.T. VOP Sentencing Hr'g, 8/14/20, at 4-11, 30. After hearing argument from both sides and Appellant's testimony, the VOP court recommitted Appellant to serve the balance of his original sentence at docket number 1543-2013. *Id.* at 31; Order, 9/3/20, at

3 (unpaginated).[2]  The VOP court also imposed consecutive terms of five to ten years' incarceration at docket number 1262-2013, and two to five years' incarceration at docket number 223-2015.  N.T. VOP Sentencing Hr'g, 8/14/20, at 31-32; Order, 9/3/20, at 3-4.  The VOP court, for the first time, found that Appellant was not eligible for RRRI because of a prior simple assault conviction and the instant VUFA conviction at docket number 1543-2013.  N.T. VOP Sentencing Hr'g, 8/14/20, at 30, 32; Order, 9/3/20, at 4.  Appellant's aggregate sentence was nine-and-a-half to twenty years' incarceration.

Appellant filed a timely motion for reconsideration of sentence, which the VOP court denied on October 29, 2020.  Appellant then filed timely notices of appeal at each of the trial court dockets.[3],[4]  Both Appellant and the VOP court complied with Pa.R.A.P. 1925.

Appellant raises two issues for our review:

1. The [VOP] court did not make any of the required factual findings pursuant to 42 Pa.C.S. § 9721(b) and § 9725 and the

---

[2] The trial court's written sentencing order is dated August 14, 2020, but was not docketed until September 1, 2020, and the parties were served on September 3, 2020.

[3] Appellant filed his notices of appeal on Monday, November 30, 2020. Because the thirtieth day from the entry of the trial court's order fell on November 28, 2020, a Saturday, Appellant timely filed his notices of appeal. **See** Pa.R.A.P. 107, 903(a); 1 Pa.C.S. § 1908.

[4] Appellant complied with our Supreme Court's decision in **Walker** by filing separate notices of appeal under each trial court docket number. **See Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018).  We have consolidated all three matters *sua sponte*. **See** Order, 1/4/21.

records of the violation and sentencing hearings do not support such findings.

2. The [VOP] court's sentence was excessive and based upon improper factors. The sentences imposed are manifestly excessive and unreasonable such that it constitutes too severe a punishment.

Appellant's Brief at 6.

Because both of Appellant's issues relate to the discretionary aspects of his sentence, we summarize these claims together. Briefly, Appellant argues that the VOP court failed to consider all of the sentencing factors set forth in 42 Pa.C.S. §§ 9721(b) and 9725, and also failed to state its reasons for the sentence on the record. *Id.* at 15-20. Appellant also argues that the sentence is manifestly excessive and that the VOP court considered improper factors. *Id.* at 21-25. Specifically, Appellant alleges that the VOP court considered the Commonwealth's representations that Appellant's new conviction was drug-related when Appellant had not been convicted of drug offenses in his new case. *Id.* at 23. Also, Appellant contends that it was improper for the VOP court to find that Appellant did not accept responsibility for his crimes when Appellant was currently pursuing federal *habeas* relief challenging his guilty plea. *Id.* at 19, 24. Appellant did not address the VOP court's authority to revoke his parole and probation in his brief.

The Commonwealth responds that Appellant's claims do not raise a substantial question for our review. Commonwealth's Brief at 7-9, 20-22. The Commonwealth argues that, even if Appellant is entitled to a review of the discretionary aspects of his sentence, the VOP court adequately considered

the Section 9721(b) factors and stated the reasons for its sentence on the record. *Id.* at 9-18. The Commonwealth also contends that the VOP court did not penalize Appellant for his post-conviction challenges to his guilty plea, but rather it found that Appellant did not appreciate the gravity of the offenses to which he pleaded guilty, because he professed his innocence at the sentencing. *Id.* at 19-20. Lastly, the Commonwealth asserts that the VOP court did not abuse its discretion in imposing the instant sentence because it was necessary to vindicate the authority of the court, Appellant made no attempts at rehabilitation during his four months on parole, and Appellant had been convicted of serious violent offenses that he committed while on parole. *Id.* at 22-29. The Commonwealth's brief does not address the VOP court's authority to revoke Appellant's parole and probation.

The VOP court stated that it revoked Appellant's probation and parole after he was charged with the new offenses, including attempted homicide. Trial Ct. Op., 3/26/21, at 5. The VOP court did not otherwise discuss the validity of its revocation of Appellant's parole and probation. The VOP court concluded that the sentence it imposed was neither manifestly excessive nor unreasonable, and that it considered all the essential factors when imposing sentence. *Id.* at 13-16.

The VOP court also addressed three claims that Appellant raised in his 1925(b) statement pertaining to the legality of the sentence. *Id.* at 9-13.[5] First, Appellant argued that the VOP court erred in finding that he was ineligible for RRRI. *Id.* at 10. Second, Appellant claimed that the sentence at docket number 1543-2013 was "illegal because the trial court failed to ensure that [Appellant] was being resentenced to serve the balance of his remaining sentence." *Id.* at 12. Lastly, Appellant argued that the sentences at docket numbers 1262-2013 and 223-2015 were illegal because they exceeded the statutory maximums and the VOP court did not identify the subsection under which it was sentencing Appellant. *Id.* at 12-13. The VOP court concluded that all of these claims were meritless.[6] *Id.* at 10-13.

We begin by considering the legality of Appellant's sentence following the revocation of his parole and the anticipatory revocation of his probation, which we may raise *sua sponte*. *See Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 889 (Pa. Super. 2019); *see also Commonwealth v. Wright*,

_____

[5] Appellant does not argue these claims in his appellate brief. However, because these claims implicate the legality of the sentence, they cannot be waived and this court may consider them *sua sponte*. *See, e.g., Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 889 (Pa. Super. 2019). For the reasons discussed below, we conclude that Appellant's sentences are illegal, but must be vacated on other grounds.

[6] We agree with the trial court's conclusion that, among other reasons, Appellant is not eligible for the RRRI program because one of Appellant's instant offenses was a violation of 18 Pa.C.S. § 6106(a). *See* 61 Pa.C.S. § 4503 (stating an eligible offender for RRRI is a defendant who has not been convicted of an offense under 18 Pa.C.S. Ch. 61 (relating to firearms and other dangerous articles)).

116 A.3d 133, 136 (Pa. Super. 2015) (stating that "in an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed" (citation omitted)).

"Because the legality of a sentence presents a pure question of a law, our scope of review is plenary, and our standard of review is *de novo*. If no statutory authorization exists for a particular sentence, that sentence is illegal and **must** be vacated." *Pi Delta Psi, Inc.*, 211 A.3d at 889-90 (citations omitted and formatting altered).

This Court has explained:

> The authority to parole convicted offenders is divided between the courts of common pleas and the Pennsylvania Board of Probation and Parole [(Parole Board)]. When an offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains authority to grant and revoke parole; when the maximum term is two years or more, authority to grant parole is vested in the Parole Board.

*Commonwealth v. Miller*, 770 A.2d 362, 363 (Pa. Super. 2001) (citations omitted); *see also* 61 Pa.C.S. § 6132 (providing that the Parole Board shall have exclusive authority to recommit parolees for violations of parole who were sentenced to a maximum term of two or more years of incarceration); *and* 61 Pa.C.S. § 6138(a)(1) (providing that the Parole Board has the discretion to revoke parole and recommit a parolee who has been convicted of a crime while on parole). *Cf. Commonwealth v. McMaster*, 730 A.2d

524, 527 (Pa. Super. 1999) (stating that "[a]ny order by a sentencing court which purports to grant parole to a person serving a maximum sentence in excess of two years is beyond the authority of the court and is, therefore, a nullity").

Instantly, the VOP court revoked Appellant's parole for the sentence at docket number 1543-2013 and subsequently recommitted him to serve the balance of his original sentence of two-and-a-half to five years' imprisonment. Because Appellant's original maximum sentence was five years' imprisonment, the Parole Board has exclusive jurisdiction over Appellant's parole.[7] **See** 61 Pa.C.S. §§ 6132, 6138; **see also Miller**, 770 A.2d at 363. Therefore, we conclude that the VOP court's order revoking Appellant's parole at docket number 1543-2013 was a nullity because the court lacked the authority to revoke Appellant's parole and to recommit him to serve the balance of his sentence. **See** 61 Pa.C.S. §§ 6132, 6138; **cf. McMaster**, 730 A.2d at 527 (finding that the trial court's order granting parole to an inmate under the jurisdiction of the Parole Board was a nullity). Accordingly, we must *sua sponte* vacate that sentence as illegal. **See Pi Delta Psi, Inc.**, 211 A.3d at 889-90.

We next address the sentences imposed following the revocation of Appellant's probationary sentences at docket numbers 1262-2013 and 223-

---

[7] We note that in its May 4, 2015 sentencing order, the trial court stated with respect to the sentence at 1543-2013, "[Appellant's] parole shall be at the discretion of the Pennsylvania Board of Probation and Parole." Order, 5/14/15, at 2 (unpaginated).

2015. Previously, this Court has affirmed anticipatory revocations of probation, *i.e.*, a revocation based on a conviction for a new offense that occurred before a defendant began serving a term of probation. ***See, e.g., Ware***, 737 A.2d at 253 (stating that "the fact that [the defendant] had not commenced serving probation when the new offense occurred did not prevent the [VOP] court from revoking its prior order placing [the defendant] on probation"); ***Commonwealth v. Wendowski***, 420 A.2d 628, 630 (Pa. Super. 1980) (holding that "[i]f, at any time before the defendant has completed the maximum period of probation, or before he has begun service of his probation, he should commit offenses of such nature as to demonstrate to the [VOP] court that he is unworthy of probation . . . the [VOP] court could revoke or change the order of probation" (citations omitted)).

However this Court, sitting *en banc*, recently overruled ***Wendowski***, ***Ware***, and other cases affirming anticipatory revocations of probation. ***Commonwealth v. Simmons***, --- A.3d ---, 2021 PA Super 166, 2021 WL 3641859, at *7-8, *12 (Pa. Super. filed Aug. 18, 2021) (*en banc*). In ***Simmons***, the trial court originally sentenced the defendant to six to twenty-three months of incarceration, followed by three years of probation. ***Simmons***, 2021 WL 3641859, at *1. After the defendant pleaded guilty to new charges, the VOP court revoked the defendant's parole, anticipatorily revoked the defendant's probation, and resentenced him to serve a term of two-and-one-half to five years of imprisonment. ***Id.*** The ***Simmons*** Court noted that the defendant's challenge to the anticipatory revocation of his

- 11 -

probation was a challenge to the legality of the sentence. ***Id.*** at *1 n.3. The Court concluded that "the holding of ***Wendowski*** and its progeny contravene the plain language of the relevant [sentencing] statutes[,]" including 42 Pa.C.S. §§ 9721(a), 9754, 9771(b). ***Id.*** at *8; ***see also id.*** at *12.

Specifically, the ***Simmons*** Court explained that

> ***Wendowski*** was incorrect in holding that a trial court may anticipatorily revoke an order of probation and in reasoning that "a term of probation may and should be construed for revocation purposes as including the term beginning at the time probation is granted." ***Wendowski***, 420 A.2d at 630 (quotations omitted). No statutory authority exists to support this understanding. Rather, the plain language of the relevant statutes provides that: a trial court may only revoke an order of probation "upon proof of the violation of specified conditions of the probation;" the "specified conditions" of an order of probation are attached to, or are a part of, the order of probation; and, when the trial court imposes an "order of probation" consecutively to another term, the entirety of the "order of probation" – including the "specified conditions" – do not begin to commence until the prior term ends.

***Id.*** at *10 (some citations omitted).

Ultimately, the ***Simmons*** Court vacated the defendant's sentence and remanded with instructions for the VOP court to reinstate the original order of probation.[8] ***Id.*** at *12.

---

[8] The ***Simmons*** Court also remanded the case for resentencing on the parole revocation because that VOP court imposed an illegal sentence. ***Simmons***, 2021 WL 3641859, at *12. The ***Simmons*** Court held that after revoking parole the VOP court could not impose a new sentence, but rather was restricted to recommitting the defendant to serve the balance of the previously imposed sentence. ***Id.*** Because the trial court in ***Simmons*** imposed a sentence of less than two years' incarceration, it retained authority to revoke

- 12 -

Here, the VOP court initially sentenced Appellant to a term of five years of probation at docket number 1262-2013 and a concurrent term of one year of probation at docket number 223-2015. Appellant's probationary sentences ran consecutively to the two-and-a-half to five years of incarceration imposed at docket number 1543-2013. Order, 5/14/15, at 2 (unpaginated). When the VOP court revoked Appellant's probationary sentences on May 7, 2018, Appellant was on parole for his sentence at 1543-2013, and had not yet started serving his terms of probation. The VOP court subsequently resentenced Appellant as described above.

Under **Simmons**,[9] the VOP court lacked the authority to revoke Appellant's probationary sentences because Appellant had not yet begun to serve his concurrent periods of probation at the time he was convicted of new charges. **See Simmons**, 2021 WL 3641859, at *8-10, *12. Therefore, we must *sua sponte* vacate the sentences at docket numbers 1262-2013 and 223-2015 and remand to the VOP court to reinstate the original May 4, 2015 orders of probation. **See id.** at *12; **see also Pi Delta Psi, Inc.**, 211 A.3d at 889-90.

_____

and recommit the defendant, unlike the VOP court in the instant case. **See Miller**, 770 A.2d at 363.

[9] "Pennsylvania appellate courts apply the law in effect at the time of the appellate decision. This means that we adhere to the principle that, a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final." **Commonwealth v. Chesney**, 196 A.3d 253, 257 (Pa. Super. 2018) (citations omitted and formatting altered).

- 13 -

For these reasons, we vacate the judgment of sentence for docket numbers CP-63-CR-0001543-2013, CP-63-CR-0001262-2013, and CP-63-CR-0000223-2015. Further, the cases are remanded with instructions to reinstate the original orders of probation at docket numbers CP-63-CR-0001262-2013 and CP-63-CR-0000223-2015. The trial court should include its RRRI determination in its sentencing order. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2021